LAW OFFICE OF MARC C. BENDO, P.C.
BY: Marc C. Bendo, Esquire
Identification No.: 80075
1704 Locust Street
Philadelphia, PA 19103
(215) 790-1220

THIS IS A MAJOR CASE.
AN ASSESSMENT OF
DAMAGES IS REQUIRED.

**Filed and Attested by the Office of Judicial Records 17 NOV 2023 04:56 pm C. SMITH**

**ATTORNEY FOR PLAINTIFF**

| | | |
|---|---|---|
| DEVON LOGAN<br>4338 Ridge Road<br>Trainer, PA 19061 | : <br> : <br> : <br> : | COURT OF COMMON PLEAS <br><br> PHILADELPHIA COUNTY |
| v. | : <br> : <br> : | |
| EVERCROSS, INC.<br>d/b/a EVERCROSS ELECTRIC<br>SCOOTER, INC.<br>d/b/a EVERCROSS<br>12406 Bell Ranch Drive<br>Sante Fe Springs, CA  90670<br>and | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| EVERCROSS ELECTRIC<br>SCOOTER, INC.<br>d/b/a EVERCROSS, INC.<br>d/b/a EVERCROSS<br>162 Atlantic Street<br>Pomona, CA  91768<br>and | : <br> : <br> : <br> : <br> : <br> : <br> : | NOVEMBER TERM, 2023<br><br>NO.: |
| AMAZON.COM, INC.<br>d/b/a AMAZON<br>410 Terry Avenue North<br>Seattle, WA 98109<br>and | : <br> : <br> : <br> : <br> : | |
| AMAZON FULFILLMENT<br>SERVICES, INC.<br>d/b/a AMAZON<br>410 Terry Avenue North<br>Seattle, WA  98144<br>and | : <br> : <br> : <br> : <br> : <br> : | |
| AMAZON WEB SERVICE, INC.<br>d/b/a AMAZON<br>1200 12th Avenue South<br>Seattle, WA  98144<br>and | : <br> : <br> : <br> : <br> : | |
| AMAZON SERVICES, LLC<br>d/b/a AMAZON<br>8329 West Sunset Road, Suite 220<br>Las Vegas, NV  89113<br>and | : <br> : <br> : <br> : <br> : | |

| AMAZON LOGISTICS | : |
|---|---|
| d/b/a AMAZON | : |
| 2400 Weccacoe Avenue | : |
| Philadelphia, PA 19148 | : |
| And | : |
| AMAZON, INC. | : |
| d/b/a AMAZON | : |
| 2101 Pennsylvania Avenue | : |
| Philadelphia, PA 19130 | : |

## CIVIL ACTION - COMPLAINT

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections as to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money, property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Assoc.
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notifi cacion. Hace falta asentaruna comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las dem andas en contra de su persona. Sea advisado que si usted no se defiende, la corte tomara medidas y pued continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede pere dinero o sus propiedades u otros derechos importantes para usted.

LLEVA ESTA DEMANDA A UN ABOGADO IN MEDIATAMENTE. SI NOTIENE ABOGADO A SI NO TIENE EL DINERO SUFICIENTE DE PAGAR SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONA A LA AFICINA CUYA DIRECCION SE ENCUNTRA ESCRITA ABAJO PARA AVERIGUA DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion de Licenciados de Filadelfia
Informacion Legal
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY: (215) 451-6197

LAW OFFICE OF MARC C. BENDO, P.C.    THIS IS A MAJOR CASE.
BY: Marc C. Bendo, Esquire    AN ASSESSMENT OF
Identification No.: 80075    DAMAGES IS REQUIRED.
1704 Locust Street
Philadelphia, PA 19103
(215) 790-1220    ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| DEVON LOGAN | : | COURT OF COMMON PLEAS |
| | : | |
| v. | : | PHILADELPHIA COUNTY |
| | : | |
| EVERCROSS, INC. | : | |
| d/b/a EVERCROSS ELECTRIC | : | |
| SCOOTER, INC. | : | |
| d/b/a EVERCROSS | : | |
| and | : | |
| EVERCROSS ELECTRIC | : | NOVEMBER TERM, 2023 |
| SCOOTER, INC. | : | |
| d/b/a EVERCROSS, INC. | : | |
| d/b/a EVERCROSS | : | NO.: |
| and | : | |
| AMAZON.COM, INC. | : | |
| d/b/a AMAZON | : | |
| and | : | |
| AMAZON FULFILLMENT | : | |
| SERVICES, INC. | : | |
| d/b/a AMAZON | : | |
| and | : | |
| AMAZON WEB SERVICE, INC. | : | |
| d/b/a AMAZON | : | |
| and | : | |
| AMAZON SERVICES, LLC | : | |
| d/b/a AMAZON | : | |
| and | : | |
| AMAZON LOGISTICS | : | |
| d/b/a AMAZON | : | |
| And | : | |
| AMAZON, INC. | : | |
| d/b/a AMAZON | : | |

## CIVIL ACTION - COMPLAINT

1.    Plaintiff, DEVON LOGAN, is an adult individual residing at the above

captioned address.

2.      Defendant, EVERCROSS, INC., d/b/a EVERCROSS ELECTRIC SCOOTER, INC. & d/b/a EVERCROSS, is, upon information and belief, a duly organized corporation with a principal place of business located at the above captioned address.

3.      Defendant, EVERCROSS ELECTRIC SCOOTER, INC., d/b/a EVERCROSS, INC. & EVERCROSS, is, upon information and belief, a duly organized corporation with a principal place of business located at the above captioned address.

4.      Defendant, AMAZON.COM, INC., d/b/a AMAZON, is, upon information and belief, a duly organized corporate entity existing under the laws of Delaware, with a principal place of business located at the above captioned address.

5.      Defendant, AMAZON FULFILLMENT SERVICES, INC., d/b/a AMAZON, is, upon information and belief, a duly organized corporate entity existing under the laws of Delaware, with a principal place of business located at the above captioned address.

6.      Defendant, AMAZON WEB SERVICE, INC., d/b/a AMAZON, is, upon information and belief, a duly organized corporate entity existing under the laws of Delaware, with a principal place of business located at the above captioned address.

7.      Defendant, AMAZON SERVICES, LLC, d/b/a AMAZON, is, upon information and belief, a duly organized corporate entity existing under the laws of Delaware, with a principal place of business located at the above captioned address.

8.      Defendant, AMAZON LOGISTICS, d/b/a AMAZON, is, upon information and belief, a duly organized corporate entity existing under the laws of Delaware, with a principal place of business located at the above captioned address.

9.     Defendant, AMAZON, INC., d/b/a AMAZON, is, upon information and belief, a duly organized corporate entity existing under the laws of Delaware, with a principal place of business located at the above captioned address.

10.    Defendant, EVERCROSS, INC., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

11.    Defendant, EVERCROSS ELECTRIC SCOOTER, INC., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

12.    Defendant, AMAZON.COM, INC., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

13.    Defendant, AMAZON FULFILLMENT SERVICES, INC., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

14.    Defendant, AMAZON WEB SERVICE, INC., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

15.    Defendant, AMAZON SERVICES, LLC, purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

16.    Defendant, AMAZON LOGISTICS, purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

17.    Defendant, AMAZON, INC., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in Pennsylvania, and regularly conducts business in Philadelphia County.

18.    At all times material hereto, Defendant, AMAZON LOGISTICS, owned, operated, possessed, managed, maintained, and/or controlled its real estate premises, to wit, the 2400 Weccacoe Avenue, Philadelphia, PA 19148 warehouse and logistics hub involved in the processing, transport and delivery of the product at issue in this matter to Co-Defendant's customer-for-profit, Plaintiff, DEVON LOGAN.

19.    At all times material hereto, Defendant, AMAZON, INC., owned, operated, possessed, managed, maintained, and/or controlled its real estate premises, to wit, the 2101 Pennsylvania Avenue, Philadelphia, PA 19130 warehouse and logistics hub involved in the processing, transport and delivery of the product at issue in this matter to Co-Defendant's customer-for-profit, Plaintiff, DEVON LOGAN.

20.    At all times material hereto, All Defendants, EVERCROSS, INC., EVERCROSS ELECTRIC SCOOTER, INC., AMAZON.COM, INC., AMAZON

FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., acted or failed to act by and through their agents, servants, workmen, and/or employees, including but not necessarily limited to any and all respective Co-Defendants, who were then and there acting within the course and scope of their employment and in furtherance of the business of All Defendant(s).

21.     As a result of the negligence, carelessness and recklessness of All Defendants, EVERCROSS, INC., EVERCROSS ELECTRIC SCOOTER, INC., AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., individually and by and through their agents, servants and workmen, the Plaintiff, DEVON LOGAN, sustained significant and permanent injuries more fully set forth herein.

22.     At all times material hereto, All Defendants, EVERCROSS, INC., EVERCROSS ELECTRIC SCOOTER, INC., AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., individually and/or collectively had a non-delegable duty to provide a safe, well-designed electric scooter to Plaintiff, DEVON LOGAN, and free of any dangerous and/or defective condition of the product so as to cause a fire and injure the lawful customer-for-profit, the Plaintiff, DEVON LOGAN.

23.     At all times material hereto, Plaintiff, DEVON LOGAN, was a business for-profit customer of All Defendants, EVERCROSS, INC., EVERCROSS ELECTRIC SCOOTER, INC., AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES,

INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON

LOGISTICS, and AMAZON, INC., and as such, was owed the highest duty of care under

the law.

24.    At all times material hereto, Plaintiff, DEVON LOGAN, was the intended

end user of the electric scooter advertised by, marketed by, purchased from, transported

to,  and ultimately delivered by All Defendants, EVERCROSS, INC., EVERCROSS

ELECTRIC SCOOTER, INC., AMAZON.COM, INC., AMAZON FULFILLMENT

SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC,

AMAZON LOGISTICS, and AMAZON, INC.

25.    At all relevant times hereto, Defendants, EVERCROSS, INC.,

EVERCROSS ELECTRIC SCOOTER, INC., (hereinafter collectively referred to as the

"EVERCROSS Defendants") were operating as the same corporate entity or in concert

with each other by and through their officers, agents and representatives.

26.    At all relevant times hereto, Defendants, AMAZON.COM, INC.,

AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC.,

AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC.

(hereinafter collectively referred to as the "AMAZON Defendants") were operating as

the same corporate entity or in concert with each other by and through their officers,

agents and representatives.

27.    At all times material hereto, the AMAZON Defendants' officers,

executives, directors, program administrators, senior management team(s) and all other

individuals and/or entities responsible for the establishment, oversight and operations of

AMAZON's facilities and website and that were responsible for the hiring, training,

supervision and retention of the AMAZON Defendants' employees and/or staff working

Case ID: 231102062

therein, were the agents, servants, employees and/or ostensible of agents of the
AMAZON Defendant(s).

28.    All Defendants, All Defendants, EVERCROSS, INC. and EVERCROSS
ELECTRIC SCOOTER, INC., AMAZON.COM, INC., AMAZON FULFILLMENT
SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC,
AMAZON LOGISTICS, offered the subject electric scooter for sale in the United States
through the Amazon.com online marketplace, a website owned, operated and maintained
by the AMAZON Defendants.

29.    On or about November 15, 2021, the Plaintiff DEVON LOGAN, ordered
the subject Evercross Electric Scooter via an online order through the Defendants'
AMAZON website.

30.    The subject Evercross Electric Scooter was "on sale" on the AMAZON
Defendants' website and was found by Plaintiff utilizing AMAZON's search function.

31.    The AMAZON Defendants processed the Plaintiff's payment for the
electric scooter.

32.    Upon information and belief, All Defendants, EVERCROSS, INC.,
EVERCROSS ELECTRIC SCOOTER, INC., AMAZON.COM, INC., AMAZON
FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON
SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., received proceeds
from the payment for the sale of the electric scooter to Plaintiff.

33.    Upon information and belief, Defendants, AMAZON.COM, INC.,
AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC.,
AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., designed,

created and maintained a website permitting the electronic offering and sale of products by AMAZON to consumers.

34.     Upon information and belief, Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., designed, created and monitored product categories and required third-party sellers to assign products to certain product categories.

35.     Upon information and belief, the AMAZON Defendants required third-party sellers to provide product descriptions for products offered for sale on the AMAZON Defendants' website.

36.     Upon information and belief, All Defendants assigned, created, altered and otherwise participated in the product category assignment and product description of the subject electric scooter on the AMAZON website.

37.     Upon information and belief, the AMAZON Defendants required the following product information for products offered for sale in the United States on its website: "description of product, categorization within each Amazon.com product, digitized image depicting the product and any warnings."

38.     Upon information and belief, the AMAZON Defendants were the processing agent for the sale proceeds for the Plaintiff's purchase of the subject electric scooter.

39.     The Evercross Electric Scooter product was delivered to Plaintiff on November 18, 2021 without any warning labels regarding the risk of fire, whether inherent in the product or with same caused by a potential dangerous or defective condition of the product.

40.     The Evercross Electric Scooter was delivered to Plaintiff on November 18, 2021 without full instructions for use or care, and anything regarding the risk of fire, whether inherent in the product or with same caused by a potential dangerous or defective condition of the product.

41.     Prior to Plaintiff's purchase, the AMAZON Defendants took no action or inadequate action to ensure that products such as the electric scooter had adequate warnings about its use.

42.     The AMAZON Defendants claimed at all times relevant herein that AMAZON is "constantly innovating on behalf of our customers and working with regulators, third party experts, vendors and sellers to improve the ways we detect and prevent illegal and unsafe products from reaching our marketplace. We work hard on this issue every day because we know that our customers trust that they are buying safe and legal products when they shop on Amazon.com.  Amazon encourages you to report listings that violate Amazon's policies or applicable law by using our "Contact Us" form (select "report a violation of our rules" and include all relevant information).  We investigate each report thoroughly and take any appropriate actions.

43.     The AMAZON Defendants were and remain an online retailer that engages in the business of offering for sale and selling products to consumers through its website.

44.     The AMAZON Defendants were the owner, operator, designer and manager of a website through which Plaintiff purchase subject electric scooter.

45.     The AMAZON Defendants knew or should have known that the subject electric scooter was in a dangerous and defective condition at the time of the sale, transfer and delivery of the Scooter to the Plaintiff.

Case ID: 231102062

46.     The AMAZON Defendants knew or should have known that the subject electric scooter was dangerous in its design at the time of its sale, transfer and delivery to the Plaintiff.

47.     The AMAZON Defendants knew or should have known that the subject electric scooter did not contain appropriate instructions or warnings at the time of its transferring and delivery to Plaintiff.

48.     On November 18, 2021, the very same day the subject Evercross Electric Scooter was delivered to Plaintiff. DEVON LOGAN, the electric scooter, after being taken out of its packaging and plugged into a wall outlet to charge the product's battery as directed, and solely due to a dangerous and defective condition of the same, caught fire.

49.     The Plaintiff, DEVON LOGAN, in an attempt to put the fire out, sustained serious burn injuries and is now left with permanent scarring as a result of the incident.

50.     As a result of the aforementioned incident and by reason of the carelessness, negligence and/or recklessness of All Defendants as discussed at length herein, the Plaintiff, DEVON LOGAN, suffered severe and permanent burn-related injuries including but not necessarily limited to his hands, arms and leg, leaving permanent scarring, as well as other internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish and other injuries, the full extent of which are not yet known

51.     As a result of the aforementioned incident and by reason of the carelessness, negligence and/or recklessness of All Defendants as discussed at length herein, the Plaintiff, DEVON LOGAN, has in the past and will in the future suffer severe

pain and suffering as a result of which he has in the past and will in the future be unable to attend to his usual daily activities to certain financial detriment and loss.

52.      As a result of the aforementioned incident and by reason of the carelessness, negligence and/or recklessness of All Defendants as discussed at length herein, the Plaintiff, DEVON LOGAN, experienced great pain and suffering, upset, embarrassment, and emotional distress from the aforesaid injuries and will continue to suffer from the same for an indefinite time in the future.

53.      As a result of the aforementioned incident and by reason of the carelessness, negligence and/or recklessness of All Defendants as discussed at length herein, the Plaintiff, DEVON LOGAN, has been and probably will in the future be obliged to expend large and various sums of money for medical treatment in an attempt to cure himself of the aforesaid injuries.

54.      As a result of the aforementioned incident and by reason of the carelessness, negligence and/or recklessness of All Defendants as discussed at length herein, the Plaintiff, DEVON LOGAN, has lost the wages of his employment.  His earning capacity has been impaired.

55.      All Defendants, EVERCROSS, INC., EVERCROSS ELECTRIC SCOOTER, INC., AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., are jointly-and-severally liable for the injuries suffered by Plaintiff, DEVON LOGAN.

WHEREFORE, Plaintiff, DEVON LOGAN, demands judgment against All Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON

WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and

AMAZON, INC., individually and/or jointly-and-severally in an amount in excess of

Fifty Thousand ($50,000.00) Dollars plus interest and costs and delay damages pursuant

to Rule 238 of the Pennsylvania Rules of Civil Procedure.

**COUNT I – STRICT PRODUCTS LIABILITY**
**PLAINTIFF, DEVON LOGAN V. EVERCROSS, INC.**
**& EVERCROSS ELECTRIC SCOOTER, INC.**

56.     Plaintiff incorporates by reference all preceding paragraphs of this

Complaint as if the same were set forth fully herein.

57.     At all relevant times mentioned herein, Defendant, EVERCROSS, INC.

and EVERCROSS ELECTRIC SCOOTER, INC.,  was the manufacturer, designer,

assembler, supplier, distributor and/or seller of the electric scooter that malfunctioned and

caught on fire causing the Plaintiff's injuries.

58.     Defendant, EVERCROSS, INC. and EVERCROSS ELECTRIC

SCOOTER, INC., by and through its agents, servants workers, designers, assemblers,

manufacturers, sellers, suppliers and distributors is strictly liable under Section 402(A) of

the Restatement (Second) of Torts and Restatement (Third) of Torts: Product Liability

because:

a.) Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC

SCOOTER, INC., are engaged in the business of designing, manufacturing,

assembling, distributing, selling and/or supplying electric scooters;

b.) The subject electric scooter from which Plaintiff sustained his injuries

was marketed and placed into the general stream of commerce by Defendant(s);

Case ID: 231102062

c.) The electric scooter was expected to and did reach users without substantial change in the condition in which it was designed, manufactured, assembled, distributed and/or sold; and

d.) The electric scooter was designed, manufactured, assembled, distributed and/or sold in the defective condition for the reasons set forth below.

59.     The Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., manufactured, designed, marketed, assembled, installed, supplied, distributed, sold and/or tested the electric scooter which was unreasonably dangerous and defective within the meaning of Section 402A of the Restatement of Torts (Second) in that the electric scooter was unreasonably dangerous as designed, manufactured, distributed, supplied, assembled, marketed, tested and/or sold.

60.     The Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., manufactured, designed, marketed, assembled, installed, supplied, distributed and sold the electric scooter with defective component parts including but not limited to the battery supplied with and within the electric scooter.

61.     The dangerous and defective condition of the product was unknowable and unacceptable to the average or ordinary consumer, and was a condition upon normal use that was dangerous beyond the contemplation of a reasonable consumer.

62.     The defective and dangerous design and/or manufacture of the product resulted in a product that was unsafe for its intended and foreseeable use, including the intended and foreseeable use of the product by the Plaintiff, DEVON LOGAN.

63.      The Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., had a non-delegable duty to provide adequate warnings to its consumers for the correct use of the electric scooter.

64.    The Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC

SCOOTER, INC., by and through their agents, servants, workers, contractors, designers,

assemblers, manufacturers, sellers, suppliers and distributors are strictly liable under

Section 402(A) of the Restatement of the law of Torts (Second) by:

a.) Designing, assembling, manufacturing, selling, supplying and
distributing a product in a defective condition;

b.) Designing, assembling, manufacturing, selling, supplying and
distributing a product that was unreasonably dangerous for its intended use;

c.) Designing, assembling, manufacturing, selling, supplying and
distributing a product that was not reasonably fit, suitable or safe for its intended
and represented purpose;

d.) Designing, assembling, manufacturing, selling, supplying and
distributing a product that lacked all and necessary safety features to protect
consumers;

e.) Designing, assembling, manufacturing, selling, supplying and
distributing a product that could be designed more safely;

f.) Designing, assembling, manufacturing, selling, supplying and
distributing a product without appropriate safety devices;

g.) Designing, assembling, manufacturing, selling, supplying and
distributing a product without adequate warnings of the use of the product and of
the risk of fire, whether inherent or caused by defect;

h.) Designing, assembling, manufacturing, selling, supplying and
distributing a product that is prone to catch fire and represents an unsafe fire
hazard;

Case ID: 231102062

.

i.) Designing, assembling, manufacturing, selling, supplying and distributing a product in such a defective condition that it would catch fire on its own and with no other cause;

j.) Designing, assembling, manufacturing, selling, supplying and distributing a product with inadequate materials used, material strength, durability and/or resistance to fire;

k.) Designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous to its intended and foreseeable users, such as the Plaintiff;

l.) Designing, assembling, manufacturing, selling, supplying and distributing a product that was not safe for all of its intended and represented purposes;

m.) Despite having actual prior knowledge of prior incidents and serious injuries caused from similar electric scooters, failing to recognize the probability, risk and seriousness of harm caused by the defective electric scooter and that said risk outweighed the burden of cost of taking precautions to avoid or minimize that harm; and

n.) Designing, assembling, manufacturing, selling, supplying and distributing a product and then failing to give any warnings and instructions of the possible risk of fire from using the product as directed, and which are required, or that care created by the inherent danger and defective condition of the product.

65.     The foregoing acts or omissions of Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., were a producing and/or proximate cause of the Plaintiff's injuries

Case ID: 231102062

66.    As a direct and proximate result and strict liability of Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., as aforesaid, either individually and/or jointly-and-severally, Plaintiff was caused to sustain injuries to his hands, arms, and body resulting in permanent scarring as more fully set forth herein.

WHEREFORE, Plaintiff, DEVON LOGAN, demands judgment against Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., individually and/or jointly-and-severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest and costs and delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure.

## COUNT II – PRODUCTS LIABILITY (BREACH OF WARRANTY) PLAINTIFF, DEVON LOGAN V. EVERCROSS, INC. & EVERCROSS ELECTRIC SCOOTER, INC.

67.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if the same were set forth fully herein.

68.    The Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., expressly warranted and represented that the electric scooter and/or its component parts was designed, manufactured, distributed, marketed, assembled, tested, supplied and/or sold in a proper manner, reasonably fit, safe and suitable for the use it was intended.

69.    Said electric scooter and/or its component parts was not designed, distributed, manufactured, marketed, assembled, supplied, sold and tested in a proper manner, fit, safe and suitable for the use intended and as a result caused the serious and permanent injuries to the Plaintiff.

70.     The foregoing acts or omissions to act of the Defendants was a producing and/or proximate cause of the Plaintiff's injuries.

71.     As a direct and proximate result and strict liability of Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., as aforesaid, either individually and/or jointly-and-severally, Plaintiff was caused to sustain injuries to his hands, arms, and body resulting in permanent scarring as more fully set forth herein.

WHEREFORE, Plaintiff, DEVON LOGAN, demands judgment against Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., individually and/or jointly-and-severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest and costs and delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure.

## COUNT III – PRODUCTS LIABILITY (NEGLIGENCE) PLAINTIFF, DEVON LOGAN V. EVERCROSS, INC. & EVERCROSS ELECTRIC SCOOTER, INC.

72.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if the same were set forth fully herein.

73.     The Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., are the original equipment manufacturer of the electric scooter that is the subject of this litigation.

74.     The Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., engaged in the business of offering for sale and selling products including the subject electric scooter to consumers, including the Plaintiff, DEVON LOGAN, in the United States including Pennsylvania and Philadelphia County.

75.     The Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., knew or should have known that there were prior and subsequent serious injuries of persons who purchased an electric scooter from Defendants due to its dangerous and/or defective design.

76.     The Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., knew or should have known that there were prior and subsequent serious injuries of persons who purchased an electric scooter from Defendants due to its dangerous and/or defective condition(s).

77.     The Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., knew or should have known that there were prior and subsequent serious injuries of persons who purchased an electric scooter from Defendants due to its failure to include and/or provide appropriate warnings regarding the risk of fire, whether inherent or caused by a potential defect of the product.

78.     The Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., knew or should have known that there were prior and subsequent serious injuries of persons who purchased an electric scooter from Defendants due to its failure to include and/or provide appropriate instructions regarding the use and handling of the product regarding the risk of fire, whether inherent or caused by a potential defect of the product.

79.     At all relevant times herein and for an unknown period of time prior to, the Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., knew or should have known that some consumers who purchased their electric scooter from Defendants and specifically through Co-Defendants' AMAZON website were

Case ID: 231102062

injured due to the dangerous and defective condition of the product and the risk of fire from its use - and said consumers were unaware of the same.

80.     Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., knew or should have known that warnings on its website, if any, should have also been on the electric scooter itself and/or included within the packaging provided to its end users.

81.     Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., knew or should have known that by using a distributor and/or Co-Defendants' AMAZON website that the risk of harm was increased if the electric scooter itself did not have an adequate warning attached regarding the risk of fire, whether inherent or caused by a potential defect of the product.

82.     Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., ignored the fact that the electric scooter was not equipped with appropriate warnings against the potential risk of fire in connection with the electric scooter, whether inherent in the design of the product or caused by a potential defect of the same.

83.     Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., introduced and/or delivered for introduction or caused to be introduced and/or delivered for introduction into interstate commerce the subject electric scooter.

84.     Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., failed to police the products it manufactured, offered, sold and or distributed and those failures increase the risks of harm to the Plaintiff.

85.     Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., failed to refuse to offer, sell and/or distribute products such as the electric scooter before ensuring that the electric scooter had the adequate warnings to prevent it from catching fire through normal and intended use under any circumstances.

86.     Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., failed to refuse to offer, sell and/or distribute products such as the electric scooter before ensuring that the electric scooter would not catch fire through normal and intended use under any circumstances.

87.     Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., negligence, carelessness and recklessness by and through their agents, servants, employees and/or ostensible agents consisted of but is not limited to:

a.) Offering the electric scooter for sale in the United States and in Pennsylvania through a distributor and/or through AMAZON's website;

b.) Selling the electric scooter to Plaintiff in a dangerous and defective condition;

c.) Creating the electric scooter product description;

d.) Modifying or otherwise changing the electric scooter product description;

e.) Receiving payment for the electric scooter;

f.) Packaging the electric scooter for delivery to Plaintiff;

g.) Delivering or causing the electric scooter to be delivered to Plaintiff;

h.) Delivering or proffering delivery of the electric scooter in exchange for financial consideration paid by the Plaintiff;

i.) Delivering or proffering delivery of the electric scooter in exchange for financial consideration paid by Co-Defendants, AMAZON;

j.) Failing to police their products offered, sold and or distributed by Co-Defendants, AMAZON;

k.) Failing to refuse to offer, sell and/or distribute the electric scooter product containing inadequate warnings or no warnings at all;

l.) Failing to provide end users of the electric scooter, such as the Plaintiff, DEVON LOGAN, with adequate warnings regardless of any warnings it provided on its website or any warnings provided by another manufacturer or entity within the distribution channel of the electric scooter;

m.) Res Ipsa Loquitor;

n.) Negligence at Law;

o.) Failing to ensure their electric scooter product would not be defectively designed so as to catch fire through normal and intended use;

p.) Failing to provide to the Plaintiff an electric scooter product that is not in a dangerous and defective condition so as to catch fire through its normal and intended use.

q.) Failing to use reasonable care in performing the services and duties as aforesaid (and below), and those failures increased the risk of harm to Plaintiff;

r.) Failing to direct and require the adherence to applicable safety regulations and standards in their products;

s.) Designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

t.) Designing, assembling, manufacturing, selling, supplying and distributing a product that was not reasonably fit, suitable or safe for its intended and represented purpose;

u.) Selling and delivering a product that was so negligently, carelessly and/or recklessly designed, manufactured, produced, transported and/or delivered so as to catch fire without warning and while being utilized as intended;

v.) Possessing the capabilities to block offers and/or sales of the subject electric scooter in light of the dangerous and defective condition of the same, or alternatively to provide adequate warnings through its own website – but not using those capabilities;

w.) Selling and subsequently delivering a product that would, without warning, catch fire while being utilized as intended;

x.) Selling the specific electric scooter to Plaintiff in its dangerous and defective condition;

y.) Verifying, approving and otherwise confirming the sale of the Electric Scooter;

z.) Packaging the electric scooter for delivery to the Plaintiff;

aa.) Failing to enforce and/or adhere to its strict policies and procedures for ensuring that products have adequate warnings and labels;

bb.) Otherwise failing to adhere to any and all of AMAZON's policies and procedures.

88.     At all relevant times herein, it was the policy and procedure of Defendants to monitor and advise customers such as Plaintiff of the increased risk of harm from their purchase of the electric scooter as a result of the potential fire hazard posed by the same.

Case ID: 231102062

89.     At no time did Defendants advise, counsel or alert the Plaintiff, DEVON LOGAN, that he was at an increased risk of harm as a result of the potential fire hazard of the electric scooter which he purchased from Defendants.

90.     The conduct of Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., posed a grave risk to human life and safety.

91.     It was reasonably foreseeable to  Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., that the offer, sale and/or distribution of the electric scooter in its dangerous and defective condition and without adequate warnings would result in the type of harm which was ultimately suffered by Plaintiff, DEVON LOGAN.

92.     The Electric Scooter sold to Plaintiff, DEVON LOGAN, was negligently, carelessly and recklessly manufactured, designed, transported and /or otherwise provided by Defendants to the Plaintiff in such a dangerous and defective condition so as to catch fire while being used as intended.

93.     It was reasonably foreseeable to  Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., that the electric scooter would catch fire and as a result could cause serious injuries to consumers such as the Plaintiff.

94.     Regardless of the foregoing, the Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., sold the electric scooter to the Plaintiff without warning of the potential risk of fire whether by the inherent risk of the product or a dangerous and/or defective condition of the same.

95.     Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., aforesaid negligence, carelessness, gross negligence and reckless

disregard for the Plaintiff's safety was a substantial factor in causing his resulting pain and suffering and increased the risk of harm that his injuries would occur.

WHEREFORE, Plaintiff, DEVON LOGAN, demands judgment against Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC., individually and/or jointly-and-severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest and costs and delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure.

## COUNT IV – STRICT PRODUCTS LIABILITY
### PLAINTIFF, DEVON LOGAN V. AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC.

96.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if the same were set forth fully herein.

97.     At all relevant times mentioned herein, the AMAZON Defendants was/were the manufacturer, designer, assembler, supplier, distributor and/or seller of the electric scooter that malfunctioned and caught on fire causing the Plaintiff's injuries.

98.     The AMAZON Defendants by and through its agents, servants workers, designers, assemblers, manufacturers, sellers, suppliers and distributors is strictly liable under Section 402(A) of the Restatement (Second) of Torts and Restatement (Third) of Torts: Product Liability because:

a.) Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., are engaged in the business of designing, manufacturing, assembling, distributing, selling and/or supplying electric scooters;

b.) The subject electric scooter from which Plaintiff sustained his injuries was marketed and placed into the general stream of commerce by Defendant(s);

c.) The electric scooter was expected to and did reach users without substantial change in the condition in which it was designed, manufactured, assembled, distributed and/or sold; and

d.) The electric scooter was designed, manufactured, assembled, distributed and/or sold in the defective condition for the reasons set forth below.

99.     The Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., manufactured, designed, marketed, assembled, installed, supplied, distributed, sold and/or tested the electric scooter which was unreasonably dangerous and defective within the meaning of Section 402A of the Restatement of Torts (Second) in that the electric scooter was unreasonably dangerous as designed, manufactured, distributed, supplied, assembled, marketed, tested and/or sold.

100.    The AMAZON Defendants, manufactured, designed, marketed, assembled, installed, supplied, distributed and/or sold the electric scooter with defective component parts including but not limited to the battery supplied with and within the electric scooter.

101.    The dangerous and defective condition of the product was unknowable and unacceptable to the average or ordinary consumer, and was a condition upon normal use that was dangerous beyond the contemplation of a reasonable consumer.

102.    The defective and dangerous design and/or manufacture of the product resulted in a product that was unsafe for its intended and foreseeable use, including the intended and foreseeable use of the product by the Plaintiff, DEVON LOGAN.

Case ID: 231102062

103.    The AMAZON Defendants had a non-delegable duty to provide adequate warnings to its consumers for the correct use of the electric scooter.

104.    The AMAZON Defendants, by and through their agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers and distributors are strictly liable under Section 402(A) of the Restatement of the law of Torts (Second) by:

        a.) Designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

        b.) Designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous for its intended use;

        c.) Designing, assembling, manufacturing, selling, supplying and distributing a product that was not reasonably fit, suitable or safe for its intended and represented purpose;

        d.) Designing, assembling, manufacturing, selling, supplying and distributing a product that lacked all and necessary safety features to protect consumers;

        e.) Designing, assembling, manufacturing, selling, supplying and distributing a product that could be designed more safely;

        f.) Designing, assembling, manufacturing, selling, supplying and distributing a product without appropriate safety devices;

        g.) Designing, assembling, manufacturing, selling, supplying and distributing a product without adequate warnings of the use of the product and of the risk of fire, whether inherent or caused by defect;

Case ID: 231102062

h.) Designing, assembling, manufacturing, selling, supplying and distributing a product that is prone to catch fire and represents an unsafe fire hazard;

i.) Designing, assembling, manufacturing, selling, supplying and distributing a product in such a defective condition that it would catch fire on its own and with no other cause;

j.) Designing, assembling, manufacturing, selling, supplying and distributing a product with inadequate materials used, material strength, durability and/or resistance to fire;

k.) Designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous to its intended and foreseeable users, such as the Plaintiff;

l.) Designing, assembling, manufacturing, selling, supplying and distributing a product that was not safe for all of its intended and represented purposes;

m.) Despite having actual prior knowledge of prior incidents and serious injuries caused from similar electric scooters, failing to recognize the probability, risk and seriousness of harm caused by the defective electric scooter and that said risk outweighed the burden of cost of taking precautions to avoid or minimize that harm; and

n.) Designing, assembling, manufacturing, selling, supplying and distributing a product and then failing to give any warnings and instructions of the possible risk of fire from using the product as directed, and which are required, or that care created by the inherent danger and defective condition of the product.

105.    The foregoing acts or omissions of the AMAZON Defendants, were a producing and/or proximate cause of the Plaintiff's injuries

106.    As a direct and proximate result and strict liability of the AMAZON Defendants, as aforesaid, either individually and/or jointly-and-severally, Plaintiff was caused to sustain injuries to his hands, arms, and body resulting in permanent scarring as more fully set forth at length herein.

WHEREFORE, Plaintiff, DEVON LOGAN, demands judgment against Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., individually and/or jointly-and-severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest and costs and delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure.

### COUNT V – PRODUCTS LIABILITY (BREACH OF WARRANTY) PLAINTIFF, DEVON LOGAN V. AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC.

107.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if the same were set forth fully herein.

108.    The Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., expressly warranted and represented that the electric scooter and/or its component parts was designed, manufactured, distributed, marketed, assembled, tested, supplied and/or sold in a proper manner, reasonably fit, safe and suitable for the use it was intended.

109.    Said electric scooter and/or its component parts was not designed, distributed, manufactured, marketed, assembled, supplied, sold and tested in a proper manner, fit, safe and suitable for the use intended and as a result caused the serious and permanent injuries to the Plaintiff.

110.    The foregoing acts or omissions to act of the AMAZON Defendants was a producing and/or proximate cause of the Plaintiff's injuries.

111.    As a direct and proximate result and strict liability of Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., as aforesaid, either individually and/or jointly-and-severally, Plaintiff was caused to sustain injuries to his hands, arms, and body resulting in permanent scarring as more fully set forth herein.

WHEREFORE, Plaintiff, DEVON LOGAN, demands judgment against Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., individually and/or jointly-and-severally in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest and costs and delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure.

## COUNT VI – PRODUCTS LIABILITY (NEGLIGENCE)
### PLAINTIFF, DEVON LOGAN V. AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC.

112.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if the same were set forth fully herein.

113.    The AMAZON Defendants were and remain an online retailer that engages in the business of offering for sale and selling products to consumers through its website.

114.    The AMAZON Defendants were the owner, operator, manager and designer of a website through which Plaintiff, DEVON LOGAN, purchased the subject electric scooter.

115.    The AMAZON Defendants were the entities that were responsible for the processing of payment through their website from Plaintiff, the collection of fees and costs from him, the distribution of the same to Co-Defendants as necessary, the subsequent transportation through the named AMAZON Defendants' physical locations and ultimately the delivery of the product to the consumer and end user, the Plaintiff, DEVON LOGAN.

116.    The AMAZON Defendants knew or should have known of the dangerous and/or defective condition of the product it marketed, sold and ultimately delivered to the Plaintiff.

117.    The AMAZON Defendants undertook for consideration to render certain services and assumed certain duties to Plaintiff, the consumer and end user of the purchased product, in order to protect him.

118.    The Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., engaged in the business of offering for sale and selling products including the subject electric scooter to consumers, including the Plaintiff, DEVON LOGAN, in the United States including Pennsylvania and Philadelphia County.

119.   The Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT
SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC,
AMAZON LOGISTICS, and AMAZON, INC., knew or should have known that there
were prior and subsequent serious injuries of persons who purchased an electric scooter
from All Defendants due to its dangerous and/or defective manufacture or design.

120.   The Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT
SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC,
AMAZON LOGISTICS, and AMAZON, INC., knew or should have known that there
were prior and subsequent serious injuries of persons who purchased an electric scooter
from Defendants due to its dangerous and/or defective condition(s).

121.   The Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT
SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC,
AMAZON LOGISTICS, and AMAZON, INC.,, knew or should have known that there
were prior and subsequent serious injuries of persons who purchased an electric scooter
from Defendants due to its failure to include and/or provide appropriate warnings
regarding the risk of fire, whether inherent or caused by a potential defect of the product.

122.   The AMAZON Defendants knew or should have known that there were
prior and subsequent serious injuries of persons who purchased an electric scooter from
Defendants due to its failure to include and/or provide appropriate instructions regarding
the use and handling of the product regarding the risk of fire, whether inherent or caused
by a potential defect of the product.

123.   At all relevant times herein and for an unknown period of time prior to,
the AMAZON Defendants knew or should have known that some consumers who
purchased their electric scooter from Defendants and specifically through Defendants'

Case ID: 231102062

AMAZON website were injured due to the dangerous and defective condition of the product and the risk of fire from its use - and said consumers were unaware of the same.

124.    The AMAZON Defendants knew or should have known that warnings on its website, if any, should have also been on the electric scooter itself and/or included within the packaging provided to its end users.

125.    The AMAZON Defendants, knew or should have known that by using a distributor and/or Defendants' AMAZON website that the risk of harm was increased if the electric scooter itself did not have an adequate warning attached regarding the risk of fire, whether inherent or caused by a potential defect of the product.

126.    The AMAZON Defendants ignored the fact that the electric scooter was not equipped with appropriate warnings against the potential risk of fire in connection with the electric scooter, whether inherent in the design of the product or caused by a potential defect of the same.

127.    The AMAZON Defendants, introduced and/or delivered for introduction or caused to be introduced and/or delivered for introduction into interstate commerce the subject electric scooter.

128.    The AMAZON Defendants, failed to police the products it manufactured, offered, sold and or distributed and those failures increase the risks of harm to the Plaintiff.

129.    The AMAZON Defendants failed to refuse to offer, sell and/or distribute products such as the electric scooter before ensuring that the electric scooter had the adequate warnings to prevent it from catching fire through normal and intended use under any circumstances.

130.    The AMAZON Defendants failed to refuse to offer, sell and/or distribute products such as the electric scooter before ensuring that the electric scooter would not catch fire through normal and intended use under any circumstances.

131.    The AMAZON Defendants' negligence, carelessness and recklessness by and through their agents, servants, employees and/or ostensible agents consisted of but is not limited to:

a.) Offering the electric scooter for sale in the United States and in Pennsylvania through a distributor and/or through AMAZON's website;

b.) Selling the electric scooter to Plaintiff in a dangerous and defective condition;

c.) Creating the electric scooter product description;

d.) Modifying or otherwise changing the electric scooter product description;

e.) Receiving payment for the electric scooter;

f.) Packaging the electric scooter for delivery to Plaintiff;

g.) Delivering or causing the electric scooter to be delivered to Plaintiff;

h.) Delivering or proffering delivery of the electric scooter in exchange for financial consideration paid by the Plaintiff;

i.) Delivering or proffering delivery of the electric scooter in exchange for financial consideration paid to Defendants, AMAZON;

j.) Failing to police their products offered, sold and or distributed by Defendants, AMAZON;

k.) Failing to refuse to offer, sell and/or distribute the electric scooter product containing inadequate warnings or no warnings at all;

l.) Failing to provide end users of the electric scooter, such as the Plaintiff, DEVON LOGAN, with adequate warnings regardless of any warnings it provided on its website or any warnings provided by another manufacturer or entity within the distribution channel of the electric scooter;

m.) Res Ipsa Loquitor;

n.) Negligence at Law;

o.) Failing to ensure their electric scooter product would not be defectively designed so as to catch fire through normal and intended use;

p.) Failing to provide to the Plaintiff an electric scooter product that is not in a dangerous and defective condition so as to catch fire through its normal and intended use;

q.) Failing to use reasonable care in performing the services and duties as aforesaid (and below), and those failures increased the risk of harm to Plaintiff;

r.) Failing to direct and require its manufacturers, assemblers, third-party sellers and/or installers to adhere to applicable safety regulations and standards in their products;

s.) Designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

t.) Designing, assembling, manufacturing, selling, supplying and distributing a product that was not reasonably fit, suitable or safe for its intended and represented purpose;

u.) Selling and delivering a product that was so negligently, carelessly and/or recklessly designed, manufactured, produced, transported and/or delivered so as to catch fire without warning and while being utilized as intended;

Case ID: 231102062

v.) Possessing the capabilities to block offers and/or sales of the subject electric scooter in light of the dangerous and defective condition of the same, or alternatively to provide adequate warnings through its own website – but not using those capabilities;

w.) Selling and subsequently delivering a product that would, without warning, catch fire while being utilized as intended;

x.) Selling the specific electric scooter through its website to Plaintiff;

y.) Verifying, approving and otherwise confirming the sale of the Electric Scooter;

z.) Packaging the electric scooter for delivery to the Plaintiff;

aa.) Failing to enforce and/or adhere to its strict policies and procedures for ensuring that products have adequate warnings and labels;

bb.) Otherwise failing to adhere to any and all of AMAZON's policies and procedures.

132.    At all relevant times herein, it was the policy and procedure of Defendants to monitor and advise customers such as Plaintiff of the increased risk of harm from their purchase of the electric scooter as a result of the potential fire hazard posed by the same.

133.    At no time did Defendants advise, counsel or alert the Plaintiff, DEVON LOGAN, that he was at an increased risk of harm as a result of the potential fire hazard of the electric scooter which he purchased from Defendants.

134.    The conduct of Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., posed a grave risk to human life and safety.

135.    It was reasonably foreseeable to Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., that the offer, sale and/or distribution of the electric scooter in its dangerous and defective condition and without adequate warnings would result in the type of harm which was ultimately suffered by Plaintiff, DEVON LOGAN.

136.    The electric scooter sold to Plaintiff, DEVON LOGAN, was negligently, carelessly and recklessly manufactured, designed, transported and /or otherwise provided by Defendants to the Plaintiff in such a dangerous and defective condition so as to catch fire while being used as intended.

137.    It was reasonably foreseeable to the AMAZON Defendants that the electric scooter would catch fire and as a result could cause serious injuries to consumers such as the Plaintiff.

138.    Regardless of the foregoing, the AMAZON Defendants sold the electric scooter to the Plaintiff without warning of the potential risk of fire whether by the inherent risk of the product or a dangerous and/or defective condition of the same.

139.    Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and AMAZON, INC., aforesaid negligence, carelessness, gross negligence and reckless disregard for the Plaintiff's safety was a substantial factor in causing his resulting pain and suffering and increased the risk of harm that his injuries would occur.

WHEREFORE, Plaintiff, DEVON LOGAN, demands judgment against Defendants, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC.,

Case ID: 231102062

AMAZON WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON

LOGISTICS, and AMAZON, INC., individually and/or jointly-and-severally in an

amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest and costs and

delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure.

<u>**COUNT VII – PUNITIVE DAMAGES**</u>
<u>**PLAINTIFF, DEVON LOGAN V. ALL DEFENDANTS**</u>

140.    Plaintiff incorporates by reference all preceding paragraphs of this

Complaint as if the same were set forth fully herein.

141.    The actions of the Defendants as set forth above constitute willful and

wanton misconduct in reckless disregard of the rights and safety of the Plaintiff and

warrant the imposition of punitive damages against the Defendants.

WHEREFORE, Plaintiff, DEVON LOGAN, demands judgment against All

Defendants, EVERCROSS, INC. and EVERCROSS ELECTRIC SCOOTER, INC.,

AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON

WEB SERVICE, INC., AMAZON SERVICES, LLC, AMAZON LOGISTICS, and

AMAZON, INC., individually and/or jointly-and-severally in an amount in excess of

Fifty Thousand ($50,000.00) Dollars plus interest and costs for punitive damages and

delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure.

**LAW OFFICES OF MARC C. BENDO, P.C.**

BY: _____
       **MARC C. BENDO, ESQUIRE**
       **Attorney for Plaintiff,**
       **Devon Logan**

## VERIFICATION

I, Marc C. Bendo, Esquire, hereby states that he is Counsel for the Plaintiff in connection with the instant Civil Action and does hereby verify that the statements made in the within pleading to which this verification is attached are true and correct to the best of his knowledge, information and/or belief.  The undersigned understands and accepts that the statements made therein are made subject to the penalties relating to the unsworn falsification to authorities, 18 Pa.C.S. § 4904.

DATED: 11 9 23

MARC C. BENDO, ESQUIRE

Case ID: 231102062